# FINNEY *v.* PENNSYLVANIA IRON WORKS COMPANY.

PRACTICE; AMENDMENTS; PROMISSORY NOTES; AFFIDAVITS OF DEFENSE.

1. Where the declaration in a suit on a promissory note by an indorsee against the maker states that the defendant promised to pay to the payee, but fails to state that the note was payable to the order of the payee so as to make it negotiable; but the bill of particulars attached to the declaration, consisting of a copy of the note, shows that the note was payable to the order of the payee, and was therefore negotiable,—the declaration, aided by the bill of particulars, will be regarded as setting forth a negotiable note, on an appeal by the defendant from a judgment against him for want of a sufficient affidavit of defense,—especially as it was competent for the trial court, as it would be for this court, to allow an amendment of the declaration if it were necessary.

2. Where the affidavit under the 73d rule of the lower court, in an action by an indorsee of a promissory note against the maker, states that the plaintiff received the note from the payee and discounted it in bank, guaranteeing that it would be paid, but that it was not paid; and it was thereupon taken up by the plaintiff in accordance with his guaranty; and that it has not been paid,—it cannot be successfully contended by the defendant, in resisting a motion for judgment for want of a sufficient affidavit of defense, that the plaintiff should have

declared on the note as guarantor, and not as indorsee. The defendant, as maker, has nothing to do with the guaranty, and the allegation in the affidavit with regard to it may be regarded as surplusage.

3. In a suit on a promissory note it is not necessary to file the original note with the declaration, but it is sufficient if it be produced at the trial, or at a hearing on a motion for judgment for want of a sufficient affidavit of defense, if such a motion be made; and, on an appeal by the defendant from a judgment in such a case for want of a sufficient affidavit of defense, in the absence of anything in the record to show to the contrary or that the defendant resisted the entry of judgment on the ground that the note was not produced on the hearing of the motion for judgment, it will be presumed that it was so produced.

No. 1295.   Submitted October 14, 1903.   Decided October 21, 1903.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia granted on motion of the plaintiff under the 73d rule of that court for want of a sufficient affidavit of defense.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

The Pennsylvania Iron Works Company, stated to be a corporation, but under what State or by what law does not appear, instituted suit in the supreme court of the District against the appellant John H. Finney, as defendant, to recover from him the sum of $561.25, the amount of a promissory note executed by him to a corporation in Chicago, under the laws of the State of Illinois, known as the Siemans & Halske Electric Company, and alleged in the declaration to have been indorsed by this latter company to the plaintiff, to have been duly presented for payment, and to have been dishonored, and yet to remain due and unpaid. The declaration, while stating that the note had been indorsed by the Siemans & Halske Electric Company to the plaintiff, does not in terms show that the note was in fact a negotiable note. The allegation is that the defendant "promised to pay to the Siemans & Halske Electric Company" the amount mentioned; but it fails to state that the note was payable to the order of said company so as to make it negotiable. Annexed to the declaration, however, as "particulars of demand," was a copy

of the note which showed on its face that the note was a promise
to pay to the order of the Siemans & Halske Electric Company,
and that it was therefore beyond question a negotiable instru-
ment.   Indorsed on the note was the indorsement in blank of the
"Siemans & Halske Electric Company," by its treasurer, Wil-
liam H. Black.

Annexed to the declaration was an affidavit intended to serve
as the foundation for a summary judgment under the 73d rule of
the supreme court of the District.   In this affidavit it is averred
that the plaintiff corporation is a duly incorporated company;
that it is the owner of the stock of the Siemans & Halske Electric
Company; that the note in suit was a renewal of a previous note
given by the defendant to the electric company for materials and
work furnished by it to the defendant; that, in order to have this
original note discounted in bank, the plaintiff company had guar-
anteed the payment of it and of all renewals thereof; that the
renewal note was, like the original, discounted by a Chicago
bank; that it was not paid when due; that it was thereupon taken
up by the plaintiff company in accordance with its guaranty;
and that it has not been paid.

The defendant demurred to the declaration, and assigned vari-
ous grounds for demurrer.   The demurrer was overruled, and
the defendant was required to plead.   He pleaded the general
issue and the statute of limitations, the latter of which was plain-
ly improper and inapplicable; but he filed no affidavit in support
of his pleas to controvert the averments of the plaintiff's affidavit.
Thereupon there was motion for judgment on behalf of the plain-
tiff under the 73d rule for want of such affidavit, and judgment
was accordingly entered, from which the defendant has appealed.

*Mr. Clayton E. Emig,* for the appellant:

The 73d rule imposes a duty upon the plaintiff, as well as
upon the defendant.   It exacts nothing unreasonable from the
plaintiff.   The plaintiff should have a clear conception of its
rights, and should "set out distinctly its cause of action," when
it files its suit.   *Germuiller* v. *Foertsch,* 2 App. D. C. 340.   The

plaintiff's affidavit falls far short of the rule. It fails to support the declaration on the note. The plaintiff declares upon the note as indorsee, while in the affidavit it alleges that it guaranteed the payment of said note to the Chicago National Bank, as an accommodation to the payee, for the purpose of enabling said payee to discount said note at said bank, and that said payee was a corporation, and that the plaintiff at that time owned the stock of the payee corporation, and that when said note fell due and was not paid the same was taken up by the plaintiff in accordance with its said guaranty.

2. The court below entered judgment for the plaintiff without requiring it to produce the note sued upon, or even a verified copy thereof. The plaintiff has never produced the note sued upon nor offered any excuse for the nonproduction of the same, and absolutely no proof was offered that it is the owner of said note, nor that said note was in its possession then or at any other time; nor has said note ever been filed with the clerk of the court. It is submitted that without such proof the court could not enter judgment for the plaintiff. *Sebree* v. *Dorr,* 9 Wheaton, 564.

3. The plaintiff does not make the note described in the declaration nor particulars of demand a part of his affidavit. It is therefore no part of the plaintiff's proof. It is submitted that the plaintiff must be in actual possession of the note, and must produce the note sued upon at the trial, or time of entering the judgment, in order to entitle it to the presumption that it is the holder and owner of said note. *Collins* v. *Gilbert,* 94 U. S. 760; *Smith* v. *Braine,* 16 Ad. & E. (N. S.) 250; *Bell* v. *Bidwell,* 13 Mees. & W. 73; *Sheehy* v. *Mandeville,* 7 Cranch, 205.

4. The note described in the declaration is not a negotiable note, the words "to the order of" being omitted, while in its affidavit it describes the note as "payable to the order of the said Siemans & Halske Company." There is a material variance between the description of the note sued upon in the declaration and the note described in the affidavit and particulars of demands. *Sheehy* v. *Mandeville,* 7 Cranch, 215; *Sebree* v. *Dorr,* 9 Wheaton, 558.

5. The plaintiff has not shown that the note sued upon bears

the genuine signature of the defendant, which is an essential requirement to recover judgment; nor that it has not been paid for taking up said note prior to instituting said suit; nor that it is the owner of said note; nor that said note was presented at maturity, at the place of payment. *Covington* v. *Comstock,* 14 Peter, 43.

6. The plaintiff avers that it has taken up or paid said note at maturity. It has, therefore, no right of action on the paper itself, but must sue in assumpsit for money due and received. *United States* v. *Bank,* 2 Mackey, 298. The note described in the declaration being non-negotiable, and the plaintiff having taken it up after maturity, as it avers in its affidavit, as a guarantor, and it not appearing in the declaration, or affidavit, or particulars of demand that said note was assigned in writing, it is submitted that it must sue upon it, if at all, in the name of the payee, the original assignor.

*Mr. H. Prescott Gatley* and *Mr. Samuel Maddox* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

We find no merit in this appeal. The plaintiff's declaration and affidavit are not models of good pleading; but we cannot say that they are insufficient. The only defect in this regard which would seem to require any serious consideration is the apparent variance between the note sued on in the body of the declaration and that set forth in the particulars of demand annexed thereto. The latter is plainly a negotiable instrument, while the former is claimed to be non-negotiable, as it does not purport to be payable "to the order" of anyone, or "to bearer," but only to a certain named payee. This objection, although plausible, is not substantial. The declaration is undoubtedly defective; and, as we have said, we cannot regard it as a model of good pleading. But the bill of particulars is part of the declaration, and serves to remove any uncertainty inherent in the latter. Moreover, it was competent for the trial court to allow an amendment; and it

would be competent for us under the circumstances to allow it here, if it were necessary. Aided by the particulars of demand, the statement of the declaration that the note in suit had been drawn payable to the payee therein named, and by it indorsed to the plaintiff, must be regarded as setting forth a negotiable promissory note. But we trust that our decision in this case will not be regarded as a sanction of careless pleading, of which in the experience of the court we have had too many illustrations.

The principal reliance of the appellant seems to be upon the supposed insufficiency of the plaintiff's affidavit to warrant a judgment under the 73d rule of the court below. The contention is that, while the plaintiff declares upon the note as indorsee, yet the affidavit shows that it should have sued as guarantor. But this contention is plainly fallacious. The plaintiff's guaranty was to the bank, and it has served its purpose and is out of the case. It did not concern the defendant in any manner. The allegation in the affidavit in regard to it may well be regarded as surplusage. The plaintiff became the holder and owner of the note in due course of business by the transfer of it by the bank, subject, of course, to such equitable rights as the defendant might have against the payee in regard to it; and there was no necessity for any writing upon it, such as is claimed on behalf of the defendant, to give title to the plaintiff and to warrant suit by it, since by the indorsement in blank of the electric company, it could pass thereafter by mere delivery.

Objection also is made on behalf of the appellant that the note was not filed with the declaration, or produced in evidence before the court at the time of the rendition of judgment. But it is not the practice, and it would be unreasonable to require, that a promissory note which is the subject of suit should be filed with the declaration. It is sufficient if it is produced at the trial or at the hearing on motion for judgment; and we must presume that this was done, since there is nothing in the record to show the contrary. And if it was not done, it was the duty of the defendant and his right to resist the entry of judgment for that reason, and to have the omission made matter of record, if he desired to preserve the point for this court. He has done nothing

of the kind, and the consequent presumption is that the court be-
low acted in the premises in accordance with law.   It is true
that the appellee has admitted in the argument before us that
through inadvertence he did not file the note with the clerk at
the time of the entry of judgment, but states that he subsequently
did so.   Plainly, therefore, the defendant has no valid ground of
complaint in that regard.

The claim of the appellee appears to be a just one.   There is
no pretense that the appellant has any just defense to it.   The
objections raised against the claim are of the most technical char-
acter, and wholly unsubstantial. . We think that the judgment of
the court below was right and just, and that it should be af-
firmed, with costs.   And it is accordingly so ordered.   *Affirmed.*